IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GEORGE A. SHANKLIN,**

    **Plaintiff,**

    v.                                                      Civil Action 2:16-cv-480
                                                           Chief Judge Edmund A. Sargus, Jr.
                                                           Magistrate Judge Jolson

**GARY C. MOHR, et al.,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner currently incarcerated at Madison Correctional Institution, has filed the instant lawsuit, in which he alleges violations of his constitutional rights.  (Doc. 1-2).  As part of this litigation, Plaintiff additionally has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1), a Motion to Appoint Counsel (Doc. 2), and a Motion for Emergency Injunction (Doc. 3).  This matter is now before the Court to screen the case pursuant to 28 U.S.C. § 1915A as well as Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the following reasons, the Court GRANTS Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1); RECOMMENDS DISMISSING the complaint (Doc. 1-2) and DENYING Plaintiff's Motion for Emergency Injunction (Doc. 3); and DENIES Plaintiff's Motion to Appoint Counsel (Doc. 2).

    **I.**     **DISCUSSION**

        **A.**   *In Forma Pauperis* **Motion (Doc. 1)**

Pursuant to 28 U.S.C. § 1915(a), the Court has reviewed Plaintiff's Motion for leave to Motion for Leave to Proceed *In Forma Pauperis*.  (Doc. 1).  The motion is GRANTED.  All

judicial officers who render services in this action shall do so as if the costs had been prepaid. However, as explained below, the Court concludes that this action cannot proceed.

### B. Complaint (Doc. 1-2) and Motion for Emergency Injunction (Doc. 4)

It is clear from the face of Plaintiff's complaint that he brings an action pursuant to 42 U.S.C. § 1983. (Doc. 1-1; *see also* Doc. 1-2 at ¶ 1). He alleges he is wrongfully incarcerated (*id.* at ¶ 16), and seeks monetary damages of $5,000,000 (*id.* at ¶¶ 21, 22). On the question of Plaintiff's custody, however, the complaint is less clear—it does not seek release outright but simply claims that Plaintiff's continued incarceration violates his constitutional rights. (*See, e.g.*, Doc. 1-2 at ¶ 13). Plaintiff's Motion for Emergency Injunction (Doc. 3) provides clarification. The Motion expressly asks the Court to "releas[e] Plaintiff from Defendants['] custody." (Doc. 3 at 5). Considering all of Plaintiff's filings, the Court treats this case as a "hybrid" action requesting two different kinds of relief—relief that, if granted, would cause him to be released from prison and provide him a money judgment. *See Cargile v. Ohio Adult Parole Auth., et al.*, No. 2:11-cv-1150, 2012 WL 359648, at *1 (S.D. Ohio Feb. 2, 2012).

#### i. Request for Release

To the extent that Plaintiff challenges the lawfulness of his confinement, habeas corpus is his only avenue for relief. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."). Under the federal habeas statute, Plaintiff may bring such an action only if he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the Supreme Court has held that a state prisoner "must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Plaintiff alleges that he has used the prisoner grievance procedure, and contacted officials—including the Governor of Ohio—regarding his claims. (Doc. 1-2 at 4). But Plaintiff has not alleged that he has exhausted his state-court remedies in an effort to challenge his confinement. Because 28 U.S.C. § 2254 requires state-court exhaustion before bringing suit, any claim for habeas relief must be dismissed.

### ii. Request for Money Damages

Further, Plaintiff's action for monetary damages under 42 U.S.C. § 1983 in connection with an alleged wrongful incarceration claim cannot proceed unless and until he demonstrates that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Because Plaintiff fails to allege that his conviction or sentence has been reversed, expunged, or otherwise invalidated, his § 1983 claim must be dismissed for lack of jurisdiction.

### iii. Summary

Because neither Plaintiff's claim for release nor his claim for monetary damages has merit, the Court RECOMMENDS DISMISSING the complaint (Doc. 1-2). In addition, because Plaintiff's claims fail on the merits, the Court RECOMMENDS DENYING Plaintiff's Motion for Emergency Injunction (Doc. 3). *Worthington Foods, Inc. v. Kellogg Co.*, 732 F. Supp. 1417, 1427 (S.D. Ohio 1990) (noting that a movant must, at the very least, "show serious questions going to the merits of the suit" in order to achieve injunctive relief).

### C. Motion to Appoint Counsel (Doc. 2)

Plaintiff also requests the appointment of counsel. (Doc. 2). "Appointed counsel in civil suits is a privilege only justified in exceptional circumstances . . . ." *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (citing *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993)). The record before the Court does not show that exceptional circumstances exist in this case. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 2) is DENIED.

### II. CONCLUSION

As set forth above, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is GRANTED (Doc. 1); it is RECOMMENDED that Plaintiff's complaint (Doc. 1-2) be DISMISSED and his Motion for Emergency Injunction (Doc. 3) be DENIED; and his Motion to Appoint Counsel (Doc. 2) is DENIED.

<u>Procedure on Objections to Report and Recommendation</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>Procedure on Objections to Order</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: July 26, 2016                                            /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE